708 August 28, 2024 No. 627

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. A. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. M. B.,
*Appellant.*

Linn County Circuit Court
23JU00693; A182920 (Control)

In the Matter of J. J. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. M. B.,
*Appellant.*

Linn County Circuit Court
23JU00696; A182921

Keith B. Stein, Judge.

Submitted June 14, 2024.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and, Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mothers appeals a judgment terminating her parental rights to her children. On appeal, mother assigns error to the juvenile court's determination that termination is in the children's best interests. We review *de novo*, ORS 19.415(3)(a), ORS 419A.200(6), and affirm.

Mother argues that there is legally insufficient evidence that termination is in the children's best interests. In particular, she asserts that the record lacks "the requisite child-specific evidence to support a finding that termination of mother's parental rights is in the children's best interests." Mother contends that the evidence "addressed the general permanency needs of similarly aged children" but that the evidence "did not establish the best interest of these specific children required termination." Mother also points to "generalities" in the record that, in mother's view, do not support the best interests determination.

The state responds that the record supports the juvenile court's determination that termination is in the children's best interests, highlighting the limited bond that the children have with mother as well as the continued effects of her ongoing drug use, "her escalating threatening behaviors," and "her failure to accept any responsibility for the circumstances that led to the children being placed" in care.

A parent's rights can be terminated where a court finds by clear and convincing evidence that a parent is "unfit by reason of conduct or condition seriously detrimental" to the child, that "integration of the child *** into the home *** is improbable within a reasonable time due to conduct or conditions not likely to change[,]" and that termination is in the "best interests" of the child. ORS 419B.500(1); ORS 419B.504.

As noted above, the only issue in this case is the best interests determination by the juvenile court. ORS 419B.500(1) ("The parental rights of the parents of a ward may be terminated *** for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward[.]"). That determination is a "child-focused inquiry"

that requires the court "to determine, from the evidence presented in the termination proceeding, whether termination is in the child's best interest." *Dept. of Human Services v. A. G. M. H.*, 306 Or App 150, 162, 473 P3d 1152 (2020) (internal quotation marks omitted).

We have considered mother's arguments and reviewed the record and, after taking into account the circumstances of this case, we agree with the juvenile court that it is in the best interests of the children that mother's parental rights be terminated and that the children be freed for adoption.

Affirmed.